IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LEONARDO GRAHAM | : | |
| | : | |
| v. | : | CIVIL NO. CCB-14-2035 |
| | : | Criminal No. CCB-08-0411 |
| UNITED STATES OF AMERICA | : | |

...o0o...

## MEMORANDUM

Federal prison inmate William Leonardo Graham was convicted by a jury of conspiracy to distribute multiple kilograms of cocaine and sentenced to mandatory life imprisonment by Judge William D. Quarles.[1] His conviction was affirmed on appeal. *USA v. Graham*, 711 F.3d 445 (4th Cir. 2013). Graham, who is represented by counsel, filed a timely motion to vacate under 28 U.S.C. § 2255 which has now been fully briefed. For the reasons set forth below, it will be denied.

The evidence presented at trial, which included the testimony of three of Graham's co-defendants and five recorded phone calls between members of the conspiracy (not including Graham) intercepted on a court-authorized wiretap, is set forth in the Fourth Circuit's opinion. 711 F.3d at 447–49. On direct appeal, counsel argued (1) an alleged violation of the Court Reporter Act related to the fact that the recorded calls had not been transcribed as they were played; (2) improper admission of the co-conspirators' statements against Graham under Fed. R. Ev. 801(d)(2)(E); and (3) unconstitutionality of the life sentence. After thorough consideration, including a remand to the district court to develop an evidentiary record relating to the recorded calls, the arguments were rejected by the Fourth Circuit.

Graham now raises nine arguments primarily alleging ineffective assistance of trial and/or appellate counsel and prosecutorial misconduct. Grounds Three through Six and Nine are

---
[1] Judge Quarles has since retired.

1

procedurally defaulted, and not supported by the record; they will be denied without further discussion for the reasons advanced by the government. The other arguments will be reviewed in turn under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), *Brady v. Maryland*, 373 U.S. 83 (1963), and related cases.

First, Graham claims appellate counsel was ineffective for refusing to let him testify or provide an affidavit at the evidentiary hearing before Judge Quarles stating that the recordings played at trial were different from the ones provided to the Fourth Circuit. The May 30, 2012, letter from appellate counsel to Graham on which Graham relies, however, does not reflect a refusal but rather a preliminary strategic recommendation. (ECF No. 403-2). It sets forth appropriate advice rather than imposing any inappropriate interference with Graham's right to testify. In any event, none of the discrepancies about which Graham says he would have testified, assuming he was believed, would have assisted his appeal. (ECF No. 403-1).

Second, Graham claims the government violated its *Brady* obligations by failing to disclose the ICE confidential information file for Justin Gallardo, a co-defendant who testified for the government at trial. That claim has now been thoroughly developed in the record. The government obtained the file, disclosed it to Graham's present counsel for review under a protective order, and provided a copy to the court for *in camera* review. There is nothing in the file suggesting that ICE's relationship with Gallardo, which ended prior to his trial testimony, was terminated because ICE found his information unreliable. Any additional details in the file are no more than cumulative to the information disclosed before trial and about which Gallardo was questioned, specifically that he was a paid informant for the government. Gallardo was thoroughly questioned about that prior cooperation, his drug use, and his hope to benefit himself

in connection with the present indictment through his plea agreement and testimony at trial.[2] Graham has failed to show that any favorable undisclosed impeaching information was material such as to warrant the new trial he seeks. See *Kyles v. Whitley*, 514 U.S. 419, 434 (1995); *U.S. v. Cole*, 293 F.3d 153, 162–63 (4th Cir. 2002); *U.S. v. Hoyte*, 51 F.3d 1239, 1242–43 (4th Cir. 1995).

Seventh, Graham argues that his trial lawyer should have argued for acquittal under Rule 29 on the ground that the evidence showed only a buyer-seller relationship, not a conspiracy. In light of the evidence showing Graham's repeated involvement in the purchase and sale of very substantial quantities of cocaine with his co-defendants, any such argument would have failed under settled Fourth Circuit law. *U.S. v. Reid*, 523 F.3d 310, 317 (4th Cir. 2008); *U.S. v. Mills*, 995 F.2d 480, 485 (4th Cir. 1993). Moreover, the evidence in this case would satisfy even the test in *U.S. v. Brown*, 726 F.3d 993, 1002–04 (7th Cir. 2013). And to the extent Graham argues that counsel should have sought an instruction to the jury on this defense, it is not likely that the instruction would have been given in light of the caselaw.

Eighth, Graham argues that counsel was ineffective in regard to the admission of one of his prior convictions for possession with intent to distribute narcotics. Trial counsel, however, did argue against its admissibility for essentially the same reasons Graham now presents. The case on which Graham primarily relies, *U.S. v. McBride*, 676 F.3d 385 (4th Cir. 2012), had not yet been decided and could not have been relied on by counsel at trial. As to appellate counsel, he is entitled to the "presumption that he decided which issues were most likely to afford relief on appeal." *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000). Graham has not shown that the 404(b) argument was likely to succeed. The facts of this are distinguishable from *McBride*,

---

[2] Defense counsel notes that an assessment sheet in the file identifies "Money" as the motive for Gallardo's cooperation. Assuming that such an assessment by the agent would have been admissible, it is cumulative. And another assessment sheet also identifies "Doing the Right Thing" as a motive.

which acknowledges various circumstances under which 404(b) evidence would still be admissible. *See also U.S. v. Penniegraft*, 641 F.3d 566, 574 (4th Cir. 2011); *U.S. v. Whorley*, 550 F.3d 326, 337–38 (4th Cir. 2008). In any event, Graham has not shown that the 404(b) issue was stronger than the Court Reporter Act and co-conspirator testimonial wiretap issues which were vigorously pursued by appellate counsel. Accordingly, relief is not warranted on Graham's eighth claim.

Finally, the court must address whether issuance of a certificate of appealability is warranted. The statute provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Graham has not met this standard, and a certificate of appealability will not be issued.

A separate Order follows.


May 19, 2017 /S/
Date Catherine C. Blake
United States District Judge